IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KLM GROUP, LP, an Oklahoma Limited Partnership f/k/a ROYAL MFG CO, LP, an Oklahoma Limited Partnership; KLM MANAGEMENT LLC f/k/a ROYAL HOLDINGS LLC, an Oklahoma Limited Liability Company; and RIVERCREST LLC, an Oklahoma Limited Liability Company, Plaintiffs,<br><br>                    Plaintiffs,<br>v.<br><br>AXEL ROYAL LLC,<br><br>                    Defendant. | Case No. 19-cv-00531-JFH-JFJ |

**OPINION AND ORDER**

This matter comes before the Court on the Motion to Remand filed by Plaintiffs and Counter Defendants KLM Group, LP, f/k/a Royal Mfg Co, LP ("KLM Group"), by and through its General Partner KLM Management, LLC, f/k/a Royal Holdings LLC ("KLM Management"), and Ridgecrest, LLC ("Ridgecrest").  Dkt. No. 19.  For the reasons set forth below, the Motion is granted.

    **I.    FACTUAL AND PROCEDURAL BACKGROUND**

On December 13, 2018, KLM Group and Rivercrest filed suit against Waco Title Company ("Waco") in the District Court of Tulsa County, Oklahoma.  *Axel Royal LLC v. KLM Grp., LP*, No. 19-CV-0068-CVE-JFJ, 2019 WL 11025882, at *1 (N.D. Okla. June 12, 2019) ("*Axel I*").  Waco filed a counterclaim for interpleader against KLM Group and Rivercrest.  Waco also asserted a third party petition for interpleader against KLM Management and Axel Royal LLC ("Axel").  *Id.*  KLM Group, KLM Management and Rivercrest (collectively, "KLM") filed a

crossclaim against Axel. *Id.* On February 5, 2019, Axel, as a third-party defendant, removed the entire action to this Court pursuant to 28 U.S.C. § 1441. *Id.* The removed action was assigned Case No. 19-CV-0068-CVE-JFJ. Axel then filed an answer and counter-crossclaim against KLM. *Id.*

The Court sua sponte raised the question of whether the case was improperly removed by Axel, a third-party defendant. *Id.* After considering the parties' positions on the issue, the Court determined that the named defendant, Waco, was only a nominal party and that Axel was the real party of interest. *Id.* Therefore, the Court designated Axel as a party-defendant, and held that the case had been properly removed pursuant to 28 U.S.C. § 1441(a). *Id.* On April 16, 2019, Waco moved to be dismissed. *Id.* The Court granted the motion. *Id.* Waco deposited $7,029,824.01 into the Registry of the Court and was terminated as a party to the action. *Id.*

Meanwhile, on February 7, 2019, Axel initiated a separate action in this Court, which was assigned Case No. 19-CV-0071-TCK-FHM. *Id.* On April 23, 2019, the Court consolidated Case No. 19-CV-0068-CVE-JFJ with Case No. 19-CV-0071-TCK-FHM and realigned the parties, designating Axel as Plaintiff/Counterclaim Defendant and KLM as Defendant/Counterclaim Plaintiff. *Id.*

On May 28, 2019, the United States Supreme Court issued a decision in *Home Depot U.S.A., Inc. v. George W. Jackson*, 139 S. Ct. 1743 (2019), in which it addressed whether "§ 1441(a) permits a third-party defendant to remove a claim filed against it." Based on its reading of *Home Depot*, this Court concluded that Case No. 19-CV-0068-CVE-JFJ had not, in fact, been properly removed. *Axel I*, No. 19-CV-0068-CVE-JFJ, 2019 WL 11025882, at *2. The Court vacated its earlier order which consolidated the action with Case No. 19-CV-0071-TCK-FHM and realigned the parties. *Id.* Case No. 19-CV-0068-CVE-JFJ was then remanded to the District Court

2

of Tulsa County. *Id.* Because distribution of the interpleaded funds was still at issue in Case No. 19-CV-0071-TCK-FHM, the Court ordered the Clerk of Court to temporarily maintain and preserve the funds in the existing interest-bearing account. *Id.*

Upon remand, Axel moved the state court to realign the parties and designate it as a party-defendant, citing the dismissal of Waco from the lawsuit and the realignment of parties by this Court prior to remand. Dkt. No. 2-18 at 61-64. The motion was granted and Axel removed the case to this Court a second time. Dkt. No. 2; Dkt. No. 2-19 at 192. KLM now moves to remand the case, arguing that removal was improper under *Home Depot*, despite the state court's realignment of the parties. *See generally* Dkt. No. 19.

## II.     LEGAL STANDARD

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The general removal statute, 28 U.S.C. § 1441(a), provides that any civil action over which a federal court would have original jurisdiction may be removed to federal court by 'the defendant or the defendants.'" *Home Depot*, 139 S. Ct. at 1745. However, because federal courts are courts of limited jurisdiction, a presumption against removal jurisdiction exists. *Pritchett v. Office Depot*, Inc., 420 F.3d 1090, 1095 (10th Cir. 2005); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 09 (1941). The party seeking to remove an action to federal court bears the burden of establishing the propriety of removal. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.1995).

### III.   ANALYSIS

In *Home Depot*, the Supreme Court considered whether 28 U.S.C.§ 1441(a) permitted a third-party defendant to remove a case to federal court; it clearly concluded a third-party defendant was not permitted to do so. *Home Depot* involved a debt collection action filed in state court by Citibank against Jackson, the holder of a Home Depot credit card. *Home Depot*, 139 S. Ct. at 1747. Jackson asserted third-party claims against Home Depot and another party, and Home Depot removed the case to federal court. *Id.* Relying heavily on the statutory text, the Court determined that § 1441(a) "does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim." *Home Depot*, 139 S. Ct. at 1748-50. The Court held that § 1441(a) provides the right of removal only to "the defendant or the defendants," and a third-party defendant "is not a 'defendant'" for purposes of removal. *Home Depot*, 139 S. Ct. at 1750. This holding was the basis for this Court's June 12, 2019 Order remanding *Axel I* to state court. *See Axel I*, No. 19-CV-0068-CVE-JFJ, 2019 WL 11025882, at *2. Now, Axel argues that by realigning the parties and designating it as the sole defendant in the case, the state court conferred removal jurisdiction upon this Court. Dkt. No. 21 at 1-2. The Supreme Court's analysis in *Home Depot* does not support Axel's position.

In *Home Depot*, the Court began its analysis of the statute with a discussion of the meaning of the phrase "the defendant or the defendants." *Home Depot*, 139 S. Ct. at 1748. Noting that the phrase must be construed "in light of the structure of the statute and [Supreme Court] precedent," the Court concluded that § 1441(a) does not permit removal by any third-party defendant, including parties brought into the lawsuit for the first time by a counterclaim. *Home Depot*, 139 S. Ct. at 1748. The Court articulated four primary reasons for its conclusion.

4

First, the Court observed that § 1441(a) refers to "civil action[s]," not "claims." *Home Depot*, 139 S. Ct. at 1748. Supreme Court precedent has long required district courts, in evaluating whether they enjoy original jurisdiction over a given civil action a party seeks to remove, to determine whether the action could have been brought originally in federal court. *Id.* This imposes on the district court an obligation to determine whether federal subject-matter jurisdiction would have extended to the plaintiff's complaint, had the plaintiff chosen to file in federal court instead of state court. *Id.* Based on this underlying statutory context, the Court concluded that "because the civil action ... of which the district cour[t] must have original jurisdiction is the action as defined by the plaintiff's complaint, "the defendant" to that action *is the defendant to that complaint*." *Id.* (emphasis added) (alteration in original) (internal quotation marks and citation omitted).

Second, the Court pointed to the meaning of the term "defendant" in related contexts and noted that it did not include third-party defendants. *Id.* at 1749. For example, the Court noted that the Federal Rules of Civil Procedure distinguish between "third-party defendants, counterclaim defendants, and defendants." *Id.* In particular, the Court observed that Rule 14, which governs third-party practice, distinguishes between "the plaintiff," a "defendant" who becomes the "third-party plaintiff," and "the third-party defendant" sued by the original defendant. *Home Depot*, 139 S. Ct. at 1749. Similarly, Rule 12 differentiates between defendants and counterclaim defendants in independently identifying when "'[a] defendant must serve an answer' and when '[a] party must serve an answer to a counterclaim.'" *Home Depot*, 139 S. Ct. at 1749 (quoting Fed. R. Civ. P. 12(a)(1)(A)-(B)).

Third, the Court compared the language of § 1441(a) to that of other removal provisions in which Congress "clearly extended the reach of the statute to include parties other than the original

5

defendant." *Home Depot*, 139 S. Ct. at 1749. For example, the Court noted that 28 U.S.C. § 1452(a) authorizes "'[a] party' in a civil action to 'remove any claim or cause of action' over which a federal court would have bankruptcy jurisdiction." *Home Depot*, 139 S. Ct. at 1749. Likewise, 28 U.S.C. §§ 1452(a) and (b) permit "'any party' to remove '[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights." *Home Depot*, 139 S. Ct. at 1749. By contrast, § 1441(a), allows removal by only "the defendant or the defendants" in a "civil action" in which the district courts enjoy original jurisdiction. *Home Depot*, 139 S. Ct. at 1749. This difference is significant because it demonstrates that Congress could have drafted § 1441 to allow removal of civil actions by any party, but it did not do so. *Home Depot*, 139 S. Ct. at 1749.

The *Home Depot* Court declined to construe the phrase "the defendant or defendants" in § 1441 to include third-party and counterclaim defendants, noting that this broad construction would lead to absurd results in the context of other removal statutes *Id.* For example, the Court noted that such a construction in the context of § 1446(b)(2)(A), would essentially require removal consent from all parties, which is not contemplated by the statute. *Home Depot*, 139 S. Ct. at 1750. 139 S. Ct. at 1750

Fourth, the Court relied on its decision in *Shamrock Oil* to support a narrow construction of the phrase "the defendant or defendants" in § 1441 to exclude third-party. *Home Depot*, 139 S. Ct. at 1750. In *Shamrock Oil*, the Court held that a counterclaim defendant who was the plaintiff in the original action, and who had chosen the state forum when it filed the action, could not remove under § 1441(a)'s predecessor statute. *Home Depot*, 139 S. Ct. at 1750; *Shamrock Oil*, 313 U.S. at 106-109. Although the counterclaim defendant in *Shamrock Oil* was not a third-party defendant, the *Home Depot* Court concluded that the *Shamrock Oil* rule applied, nonetheless.

6

*Home Depot*, 139 S. Ct. at 1750.  In *Home Depot,* the Court explained, that "[i]f a counterclaim defendant who was the original plaintiff is not one of 'the defendants,' we see no textual reason to reach a different conclusion for a counterclaim [or third-party] defendant who was not originally part of the lawsuit." *Id.*  "In that regard, *Shamrock Oil* did not view the counterclaim as a separate action with a new plaintiff and a new defendant.  Instead, the Court highlighted that the original plaintiff was still 'the plaintiff.'" *Home Depot*, 139 S. Ct. at 1750.  Similarly, the *Home Depot* Court noted, the filing of counterclaims and third-party claims in that case "did not create a new civil action with a new 'plaintiff' and a new 'defendant.'" *Id.* at 1749.

For these reasons, the *Home Depot* Court concluded that the limits Congress imposed on removal "show that it did not intend to allow all defendants an unqualified right to remove," *id.*, and that "in the context of [§§ 1411(a) and 1453(b)] the term "defendant" refers *only to the party sued by the original plaintiff*." *Home Depot*, 139 S. Ct. at 1746  (emphasis added).  Neither provision allows a third-party to remove.  *Id.*

Here, Axel was brought into the lawsuit when Waco filed its counterclaim and third-party complaint.  *Axel I*, No. 19-CV-0068-CVE-JFJ, 2019 WL 11025882, at *1.  Therefore, it is not a defendant who is entitled to remove under § 1441.  The fact that Axel is now designated the defendant after a reordering of the parties by the state court, does not change this conclusion because Axel was not the party sued by the original plaintiff, as required for removal jurisdiction. *Home Depot*, 139 S. Ct. at 1746.

To the extent that Axel relies upon cases from other jurisdictions for the proposition that removal is permitted after a state court realigns the parties, its reliance is misplaced.  *See* Dkt. No. 21 at 3-5.  The cases cited by Axel predate *Home Depot*, which was decided in 2019.  *See Stewart v. Bureaus Inv. Group No. 1*, 3:10-CV-1019-WKW, 2011 WL 2313213 (M.D. Ala. June 10, 2011);

7

*Hrivnak v. NCO Portfolio Mgt., Inc.*, 723 F. Supp. 2d 1020, 1024-25 (N.D. Ohio 2010); *Zea v. Avis Rent a Car System, Inc.*, 435 F. Supp. 2d 603, 607 (S.D. Tex. 2006); *Crump v. Wal-Mart Group Health Plan*, 925 F. Supp. 1214, 1220 (W.D. Ky. 1996).  The Court cannot conclude that the authority cited by Axel permits it to circumvent *Home Depot's* holding that only the party sued by the original plaintiff is permitted to remove under § 1441.

For these reasons, the Court concludes that this case was not properly removed and should be remanded to the District Court of Tulsa County.

**IT IS THEREFORE ORDERED** that the Motion to Remand filed by Plaintiffs and Counter Defendants KLM Group, LLC and Ridgecrest, LLC [Dkt. No. 19] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to remand this case to the District Court of Tulsa County, Oklahoma.

**IT IS FURTHER ORDERED** that within thirty (30) days of remand, the parties shall move the District Court of Tulsa County, Oklahoma, to accept the interpleaded funds, initially received by the Registry of this Court and held in an interest bearing account in connection with Case No. 19-CV-0068-CVE-JFJ.  Once the District Court of Tulsa County, Oklahoma orders the transfer of the interpleaded funds to that court, this Court shall effect such transfer.

Dated this 22nd day of February 2021.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE